## FRANK v FRANK

Ohio Appeals, 9th Dist, Summit Co

No 542.  Decided Dec 23, 1930

Stetson & Butler, Elyria, for plaintiff in error.

L. D. Hamlin, Elyria, for defendant in error.

## PER CURIAM

The chief complaint made in this court by the defendant is that although the suit was brought upon an express contract the court permitted a recovery upon a quantum meruit—it being said in the brief that "If the court was right in submitting the

case upon a quantum meruit instead of upon contract, when the issues were made up by the pleadings strictly upon a question of contract and its performance, the charge is possibly not subject to much complaint. If, however, our position is correct in the matter, then there was no charge to the jury as the law provides."

We cannot agree with the contention of the defendant that this was an action upon an express contract. We have not set forth the petition, in which the facts are quite fully pleaded, but we have carefully considered the same, together with the answer of the defendant, and we do not think the pleadings presented an issue upon the question of an express contract and its performance. In his answer the defendant admitted that he agreed to make a lease, and the evidence establishes that none was made, and if the jury believed the evidence of plaintiff that the defendant, after receiving the services of the plaintiff, refused to make a lease in accordance with his promise at the time plaintiff was induced to move upon the farm, and then compelled the plaintiff to leave the farm, the defendant would be liable for the reasonable value of the services rendered by the plaintiff to the defendant. We think that was the issue tendered by the pleadings and tried by the court, and that therefore the principal ground urged for reversal of the judgment is not well taken; and accordingly, that the trial court did not err in overruling the motion of the defendant for a directed verdict at the close of plaintiff's case.

Complaint is made that the plaintiff and one of his witnesses were permitted to testify as to the value of said services without being qualified to do so.

Plaintiff's testimony on that subject was admissible for what it was worth. He was not testifying as an expert and was not required to have the qualifications of an expert; and we think that the record discloses that the other witness, as well as plaintiff, was qualified to testify upon that subject.

It is also urged that the verdict is excessive in amount.

If we had been sitting as jurors it is quite likely that we would not have found so large an amount, but there is evidence in the record which, if believed, supports the verdict, and there is nothing to indicate passion or prejudice. It is the province of the jury to pass upon the credibility of witnesses and determine where the truth lies, and in this case the finding of the jury is not so clearly wrong as to justify a reviewing court in interfering therewith.

The other errors mentioned in the brief have been considered, but we find no prejudicial error in the record which would justify us in reversing the case.

The judgment is therefore affirmed.

Funk, PJ, Pardee, J, and Washburn, J, concur.